Common Pleas Court of Hamilton County.

BANK STREET BUILDING ASSOCIATION V.
LOUISE M. SCHNELL. ET AL.

Decided September 29, 1932.

*Mitchell Wilby*, for the demurrer.
*Roy Manogue*, contra.

ALFRED MACK, J.

This is a proceeding to foreclose a mortgage executed by defendant Louise M. Schnell to plaintiff.

As a second defense defendant Louise M. Schnell pleads that on June 16, 1932, (prior to the commencement of this action) "she executed and delivered to plaintiff at the plaintiff's request, a deed for the property described in the said mortgage and in the petition herein, and that, in consideration of the execution and delivery by her of said deed to the plaintiff, the plaintiff then and there agreed with defendant to release her and discharge her from any and all liability to plaintiff by reason of said mortgage or otherwise."

Said defendant further pleads that at the same time she executed a second mortgage on the property in question to her co-defendant, Esther F. Lomb.

To such answer plaintiff for reply alleges that defendant Louise M. Schnell "turned over said deed to plaintiff's attorney as escrow agent for all of the parties hereto, termed and conditioned upon the consummation of the transfer of said property described in the petition to

Esther F. Lomb. For further reply plaintiff says that the transfer of said premises described in the petition herein to said Esther F. Lomb was never completed or consummated, and that on the 7th day of July, 1932, said executed deed was returned by said escrow agent to the attorney for the said Louise M. Schnell."

To such reply defendant Louise M. Schnell has demurred on the ground that the facts pleaded show that as a matter of law the plaintiff cannot maintain this action against her.

It is contended in support of such demurrer that the return of the deed is not such a re-conveyance as amounts to a re-vesting of the title in Louise M. Schnell, because it is claimed that the deed vested title in plaintiff which could only be vested in the grantor by a conveyance. It is also claimed that there can be no delivery in escrow to the attorney of plaintiff as an agent.

In the opinion of the Court there is an obvious distinction between a deed delivered unconditionally and one delivered in escrow to be effective on the performance of certain conditions. In the first instance title passes even if the deed is destroyed. In the second instance title never vests until the condition is performed.

It is true as laid down in *Baldwin* v. *Bank of Massillon*, 1 O. S., 141, that the destruction of a deed of conveyance does not amount to a re-conveyance of real estate to the grantor of such destroyed deed. However, the law is well established that in order to convey title there must not only be the execution and acknowledgement of a deed, but a delivery for the purpose of passing title, and not a delivery conditional upon the performance of certain things as a condition precedent.

It is also well established in this state that a delivery in escrow may be made to an agent of the grantee where such delivery does not violate any duty which such agent owes to the grantee. See *W. & Z. R. R. Co.* v. *Iliff*, 13 O. S., 235. This authority was followed and applied by the District Court of this county in an opinion by Judge Fayette Smith in the case of *Walter, Exr.* v. *Walter*, 12 Weekly Law Bulletin, 212, (also 9 Oh. D. Reprint, 351,) where-

in it was held that the relation of son as agent of father did not prevent him from holding a release as an escrow for the mother.

In 21 Corpus Juris, page 877, sec. 23, cited for defendant, the following is laid down:

"But an agent of the grantee is not necessarily incapacitated by force of his agency from acting as the depositary of the escrow, and he may become such depositary where, under the circumstances of the case, to do so involves no violation of duty as agent of the grantee."

Numerous authorities, including the case of *Walter, Exr.* v. *Walter*, are cited in support of this proposition.

As early as 1836 our Supreme Court in the case of *Lessee of Lloyd* v. *Giddings*, 7 Ohio Rep., Part 2, page 50, held that the mere delivery of a deed in escrow does not convey title. In that case it was held that a deed delivered as an escrow cannot be set up in an ejectment suit to show an outstanding title against the lessor of plaintiff. The reasoning of the court is that the escrow deed, though formally delivered, must be considered *"in transitu"* and does not operate to convey title except upon the happening of the event contemplated by the parties.

As to the case of the *Ohio Savings and Loan Co.* v. *Baker*, 34 O. L. R. 421, decided by the Court of Appeals for Cuyahoga County, and cited for defendant, it does not assist defendant. It is a case where a mortgagor conveyed title absolutely to an employee of the mortgagee, title being taken for convenience in the name of such employee. The delivery of the deed was absolute and the only question involved was whether such conveyance canceled claims against previous owners of the property, who had assumed the mortgage in writing and afterwards sold it without giving a release of the mortgage.

Said demurrer of Louise M. Schnell to the reply of plaintiff will be overruled.